UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

———

No. 1:26-cv-02000

———

**Cortez Esquivel,**
*Petitioner,*

v.

**Mullin, et al.,**
*Respondents.*

———

**MEMORANDUM OPINION AND ORDER**

Alejandro Cortez Esquivel is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2)(A). He filed a petition for writ of habeas corpus demanding immediate release or an individualized bond hearing. Because his detention is lawful, the petition is denied.

**BACKGROUND**

Petitioner last entered the United States without inspection approximately six years ago. On June 1, 2026, Petitioner was arrested in Travis County for assault causing bodily injury to a family member. He was convicted of the Class A misdemeanor and sentenced to 60 days of confinement. After serving this sentence, Petitioner was transferred into federal immigration custody and is currently detained at the T. Don Hutto Detention Center in Taylor, Texas.

On July 20, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing. The Court ordered Respondents to show cause why the writ should not be

1

granted. Respondents answered, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

ANALYSIS

## I. The *Rodriguez* stay order does not prevent this Court from resolving Petitioner's claims.

Relying on the precedential stay order in *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2104747, at *1 (5th Cir. July 21, 2026) ("Stay Order"), the Government argues that this "Court should either deny habeas relief on due process grounds or hold in abeyance any pending habeas petition challenging [section] 1225(b)(2)(A) detention on due process grounds until the en banc Court's decision in *Sosnava Rodriguez*." ECF No. 5 at p. 2 ("Resp."). For the reasons set forth in the following section, the Court denies habeas relief. But it pauses here for a moment to explain the extent of the Stay Order and why it does not instead hold these proceedings in abeyance.

As an initial matter, an abeyance or stay of all proceedings is not required. The Stay Order does not require this Court to abstain from either granting or denying Petitioner's habeas petition, nor from entering a final judgment to that effect. *See Rodriguez*, 2026 WL 2104747. In *Rodriguez*, the Fifth Circuit considered three district court orders granting three aliens' writs of habeas corpus based on alleged violations of the Due Process Clause. 180 F.4th 702 (5th Cir.), *reh'g en banc granted, opinion vacated*, 181 F.4th 608 (5th Cir. 2026) (per curiam). In each case, the district court granted the petition for a writ of habeas corpus "after concluding that each alien was being detained in violation of the Due Process Clause." *Id.* at 709. As a result, "[e]ach alien was released from custody, and the Government was prohibited from detaining them again without a hearing to determine their individual dangerousness or risk of flight." *Id.* The orders did not interfere with the removal proceedings themselves. *Id.*

3

The Government appealed from the orders and the Fifth Circuit consolidated them for the purposes of appeal. *Id.* The Fifth Circuit panel held "that the Fifth Amendment protects resident aliens from unreasoned, indefinite detention," and concluded "that the Government may detain aliens under Section 1225(b)(2)(A) for ninety days but no longer without a bond hearing." *Id.* at 725, 727–28. The panel thus upheld the district courts' grants of habeas relief and stated it saw "no reason to have any of the three detained again to serve additional time prior to a removal order." *Id.* at 728. Eight days later, on July 10, 2026, the Fifth Circuit granted rehearing en banc and vacated the panel opinion. *Rodriguez*, 181 F.4th at 609.

The day the panel opinion was vacated, the Government filed a Motion for Stay of District Court Judgments Pending Rehearing En Banc. *Rodriguez*, No. 26-50183 (5th Cir. July 10, 2026), Dkt. No. 178-1. On July 21, 2026, the Fifth Circuit granted the Government's motion, ordering: "Appellants' opposed motion for stay of the district court judgments pending rehearing *en banc* is GRANTED." *Rodriguez*, No. 26-50183, 2026 WL 2104747, at *1.

While not conclusive on the merits, published stays—such as this one—must inform district courts' decisions in like cases. *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025). Nothing in the Stay Order, however, precludes courts from adjudicating habeas petitions. This is first clear from the text of the Stay Order itself. It specifically stays "the district court *judgments*" pending rehearing en banc. *Rodriguez*, 2026 WL 2104747, at *1 (emphasis added). It is silent regarding the *proceedings* of habeas cases. *Id.* The Stay Order also does not prevent this Court from *entering* final judgments in habeas cases. Rather, the Stay Order requires district courts that grant habeas relief on the due process grounds at issue in *Rodriguez* to stay the

4

execution of that order. *See id.* at *1. In short, the Stay Order does not prevent district courts from conducting habeas proceedings or even issuing habeas judgments: it prevents them only from enforcing a judgment that would require release from custody or an individualized bond hearing.

Of course, abeyance or a stay of proceedings may still be appropriate. When a higher court will soon resolve an issue pending in a lower court, it is often best practice to stay proceedings or hold them in abeyance until that issue is resolved. *See Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 495 (S.D. Tex. 2015) ("Staying a case pending in a district court in the Fifth Circuit is appropriate when the district court anticipates that the Fifth Circuit will issue a ruling in an unrelated case that addresses unresolved issues in the stayed case.").

But abeyance does not serve judicial economy here. The section 2241 petitions that have inundated this Court often assert multiple independent grounds for relief. The en banc Fifth Circuit, however, is only scheduled to address arguments grounded in the Due Process Clause. *See Rodriguez*, 180 F.4th at 709. To the extent a petitioner is entitled to relief on grounds other than due process, his relief should not be delayed. *See* 28 U.S.C. § 2241 (requiring district courts to resolve habeas claims expeditiously). And it would be beyond burdensome to bifurcate adjudication, hold only the due process claims in abeyance, and then either enter orders partially resolving the petition or withholding entry of a judgment entirely.

The better course is to continue resolving the petitions, due process claims and all, and to stay any judgment granting habeas that could be undermined by the Fifth Circuit's decision in *Rodriguez*.

5

## II. The Petition is denied.

Petitioner asserts that his pre-removal detention without a bond hearing is unlawful because it violates due process, the Administrative Procedure Act, agency regulations, and the Suspension Clause. His arguments, however, fail. Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 8 U.S.C. § 1225(b)(2)(A). And it is well-established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. Neither the statutory text nor the Due Process Clause therefore requires granting the writ, and none of Petitioner's ancillary arguments require it either.[1] For the reasons set forth in Parts I–IV of this Court's decision in *Cazares Tapia v. Mullin*, No. 1:26-cv-01321, 2026 WL 1657240 (W.D. Tex. June 8, 2026), the Court denies the petition.

\* \* \*

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on August 10, 2026.*

ANDREW DAVIS
United States District Judge

---

[1] As stated above, the Fifth Circuit's panel decision in *Rodriguez v. Ortega* was vacated, and rehearing en banc was granted. 181 F.4th at 609. "[T]hus the opinion is not binding precedent[,]" *Munn v. City of Ocean Springs, Miss.*, 763 F.3d 437, 441 n.2 (5th Cir. 2014), and the Court is not persuaded by its reasoning.